UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-2517-JWH-MBK | Date | November 26, 2025 |
|---|---|---|---|
| Title | Cameron Charles Seaholm v. California Board of Prison Hearings | | |

| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| none | none |

**Proceedings:** ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION IS NOT MOOT

This habeas action is currently stayed pending Petitioner Charles Seaholm's exhaustion of state court remedies. Dkt. 20. Petitioner has been complying with the Court's orders to file status reports regarding the status of the exhaustion of his state court remedies. *See* Dkts. 22-26. Most recently, on November 7, 2025, Petitioner filed a status report and a Notice of Change of Address informing the Court that "there has been no movement on the writ to the CSC." Dkt. 26. Petitioner also informed the Court that he is no longer in custody. *Id.*

Because he has been released from custody, Petitioner is ordered to show cause (meaning explain in writing) why his petition is not moot.

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot 'grant any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted).

In his habeas petition, Petitioner requests "reversal of revocation of his parole" to remedy the alleged due process violations in his revocation proceedings. Dkt. 1 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-2517-JWH-MBK | Date | November 26, 2025 |
|---|---|---|---|
| Title | Cameron Charles Seaholm v. California Board of Prison Hearings | | |

However, because Petitioner is no longer in custody, it does not appear that there is any additional relief that this Court can order. "In the parole revocation context, the Supreme Court has held that without proof of ongoing collateral consequences from that revocation, an unconditional release from custody moots a defendant's challenge to his allegedly erroneous revocation." *United States v. King*, 891 F.3d 868, 869 (9th Cir. 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 8-16 (1998)). "Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be" shown. *Spencer*, 523 U.S. at 8.

The Court therefore ORDERS Petitioner to show cause why this case should not be dismissed without prejudice because his claims are moot. Petitioner's response is due on or before **December 26, 2025.**

Petitioner is advised that the failure to timely respond to this order to show cause may result in the Court's recommending that this case be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute.

**IT IS SO ORDERED.**